IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERASA ILENE LEE,

    Plaintiff,

  v.                            Case No. 12-2259-SAC

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,[1]

    Defendant.

MEMORANDUM AND ORDER

## I. General legal standards

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." Because the Appeals Council denied the Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. The Court reviews the Commissioner's decision "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wells v. Colvin*, __ F.3d __ (Aug. 19, 2013) (*quoting Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010)).

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue, the former Commissioner of Social Security.

Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. *Graham v. Sullivan*, 794 F.Supp. 1045, 1047 (D.Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. *Glenn*, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that he has a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or mental impairment or impairments must be of such severity that the claimant is not only unable to perform their previous work but cannot,

considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability. At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity." At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled. If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, he is determined not to be disabled. If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. *Barnhart v. Thomas*, 124 S.Ct. 376, 379–380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show substantial evidence that the claimant can perform other work that exists in the national economy. *Nielson*, 992 F.2d at 1120; *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

Before moving to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e, f, g); 416. 920(a)(4), 416. 920 (e, f, g).

## II. History of the Case

Plaintiff's medical history is well established in the record and shall not be repeated here. Plaintiff, when approximately 45 years old, filed applications for disability insurance benefits and supplemental security income payments. The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her onset date of disability. Plaintiff had obtained her GED and worked as a cleaner, restaurant hostess, and driver. At step two, the ALJ found Plaintiff has severe impairments of diabetes mellitus, supraventricular tachycardia (SVT), and affective disorder. At step three, the ALJ determined that those impairments do not meet or equal a listed impairment.

The ALJ found Plaintiff had mild restriction of activities of daily living, moderate difficulties maintaining social functioning, moderate difficulties maintaining concentration, persistence, or pace, and no episodes of decompensation. Tr.15. He determined plaintiff's residual functional capacity (RFC) as:

> ... sedentary work as defined in 20 CFR 404.1567(b) and 416.967(b) except she is limited to simple, repetitive, routine work that is as stress free as possible; limited contact with the general public and supervisors; occasional bending and no crawling, kneeling, crouching or squatting, no lifting from floor level; must work in a clean environment relatively free of smoke, dust, and other pollutants; must be able to alternate between sitting and standing every 30 minutes; and must work on a smooth level surface and no use of foot controls.

Tr. 16. The ALJ determined at step four that plaintiff is not able to perform her past relevant work. At step five, the ALJ found, after questioning a vocational expert (VE), that plaintiff could perform the following jobs: order clerk (DOT 209.567-014), stuffer (DOT 731.685-014), and eye glass polisher (DOT 713.684-038). Accordingly, the ALJ concluded Plaintiff is not disabled.

## III. RFC Determination

Plaintiff raises multiple challenges to the ALJ's RFC determination, contending: 1) the ALJ failed to apply the correct legal test in determining Plaintiff's RFC; 2) the ALJ erred in relying on the medical opinions of record; 3) the ALJ failed to state the weight he gave the medical opinions; 4) the ALJ did not link his RFC determination to specific evidence of record; and 5) the ALJ ignored substantial evidence of Plaintiff's obesity. The Court addresses these in turn.

## A. Legal Test

Plaintiff claims that the ALJ found her exertional level to be "sedentary" without first doing a function-by-function assessment. This is alleged to contradict the requirements of SSR 96-8p, which states in pertinent part:

> The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis ... Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light medium, heavy, and very heavy.

But even assuming that the SSR was not followed, the Court sees no harm, and Plaintiff does not allege any, resulting from the ALJ's reversal of this ordering. As SSR 96–8p notes, the function-by-function analysis is most relevant when an ALJ determines whether a claimant is able to perform past work at step four. *See* SSR 96–8p, 1996 WL 374184, at * 5. The function-by-function analysis requirement of SSR 96–8p is "less critical" where, as here, the ALJ finds the Plaintiff unable to do past relevant work. *Ren v. Astrue*, 2009 WL 3497785 (D .Colo. 2009).

The ALJ identified Plaintiff's functional limitations and assessed Plaintiff's work-related abilities on a function-by-function basis, and expressed the RFC in terms of her exertional level. Harmless error may be found even when an ALJ fails to include a function-by-function analysis in the RFC analysis at step four. *See Guana v. Astrue*, 2013 WL 316022 (D.Colo. 2013) (finding failure to include a function-by-function analysis in

the RFC analysis harmless error because substantial evidence supported ALJ's finding at step five that claimant had no limitations that would prevent him from performing available jobs). *See Howard v. Barnhart,* 379 F.3d 945, 949 (10th Cir. 2004) ("Despite the lack of analysis leading up to the ALJ's RFC determination, we affirm the agency's denial of benefits in this case because we conclude that substantial evidence supports the ALJ's decision and the correct legal standards were applied."); *Allen v. Barnhart,* 357 F.3d 1140, 1145 (10th Cir. 2004); *Murrell v. Shalala,* 43 F.3d 1388, 1389–90 (10th Cir. 1994). The Court is not persuaded that the ALJ applied an incorrect legal test, despite the challenged wording above.

**B. Outdated Medical Opinions**

Plaintiff contends that the ALJ had "no medical support" for his RFC. No treating source opinion was offered, and the ALJ rejected Plaintiff's testimony. Plaintiff does not challenge that credibility call.

This leaves Plaintiff with the three medical opinions discussed below. Plaintiff argues that the ALJ could not rely upon those medical opinions because they had been issued over a year before his decision. But for this proposition of staleness, Plaintiff cites only an 8th Circuit case not binding in this jurisdiction.

In *Frankl v. Shalala*, 47 F.3d 935, 938, the Eighth Circuit found that agency RFC forms could not constitute substantial evidence that the plaintiff could perform the full range of light work at the time of the hearing (in

7

December 1991) because the opinions in those forms (completed in January 1991) "were not based upon the full record in th[e] case." *Id. Frankl* does not establish a rule that medical opinions become stale after a year and lose their persuasive force. Instead, the ALJ accepted the plaintiff's testimony that his condition had changed after the forms had been completed, and no contradictory medical evidence of the plaintiff's RFC at the time of the hearing was presented.

Here, Plaintiff also contends that her medical condition changed after the medical opinions were rendered, but she points only to several episodes of SVT, and to her uncontrolled diabetes. The record shows, however, that Plaintiff had experienced both of these conditions before the medical opinions were rendered. Plaintiff fails to show that the degree, frequency, or seriousness of any medical condition had materially changed since the medical opinions were given. Accordingly, the challenged medical opinions were not rendered outdated by any passage of time or by any intervening change in medical condition such that the ALJ should have discounted them.

### C. Weight Given Medical Opinions/Support in Records

Plaintiff contends that the ALJ's failure to identify the weight he gave to medical opinions of the following persons is reversible error, as a matter of law: Dr. Nancy Ross Milner, Ph.D, an examining consultant; Dr. Carol Adams, Phy.D, a non-examining state agency psychological consultant; and Dr. Aaron Lewis, M.D., an examining consultant. Plaintiff asserts that Social

Security Regulations require the ALJ to identify the weight given to medical opinions. Plaintiff also contends that the ALJ did not link his RFC determination to specific evidence of record supporting his conclusions. Defendant counters that any such failures are not reversible error. The Court considers these claims of error together.

Plaintiff shows no Tenth Circuit case finding an ALJ's failure to identify the weight given other medical opinions to be reversible error as a matter of law. Instead, in its most recent case examining this issue, the Tenth Circuit chose to look to the substance of the ALJ's decision to see whether the medical opinions had been properly evaluated. *See e.g., Payton v. Astrue*, 480 Fed.Appx. 465, 4-5 (May 7, 2012) (affirming despite claim that ALJ failed to identify weight given a medical opinion). It rejected a claim that the ALJ failed to discuss what weight she gave a treating physician's opinion, stating:

> Although an explicit statement to that effect would be preferable, [the ALJ] did state that she had considered the medical evidence in accordance with the regulations and applicable Social Security Ruling that discuss the weight to give a treating doctor's opinion. ... In accordance with our general practice, we take her at her word. *See Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) ("[O]ur general practice ... is to take a lower tribunal at its word when it declares that it has considered a matter.").

*Payton*, 480 Fed. Appx. at 469. This Court follows that approach as well. *See e.g., Williams v. Astrue*, 2013 WL 1151269 (D.Kan. Mar. 19, 2013) (finding harmless error in ALJ's failure to explicitly discuss weight given to state

9

agency physician's opinion, even if ALJ has duty to discuss it under SSR 96-8p.)

Here, the ALJ stated he "also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p." These are the very regulations and Social Security Rulings which Plaintiff contends were violated. *Compare* ALJ's decision (Tr. 16), *with* Plaintiff's brief, Dk., 4, p. 11. Plaintiff has not shown that any error was detrimental to her position or that a remand for the ALJ to expressly state the weight given to the opinions could conceivably produce a different result.

The sole case cited by the Plaintiff to establish that the failure to identify weight is reversible error, *Glass v. Shalala*, 43 F.3d 1392 (10th Cir. 1994), is not to the contrary. That case recites the general rule that "the failure to apply proper legal standards *may, under the appropriate circumstances*, be sufficient grounds for reversal independent of the substantial evidence analysis." *Id,* at 1395 (emphasis added). But *Glass* affirmed the denial of benefits and found "the ALJ's conduct, although improper, does not require reversal." *Id*, at 1397.

The ALJ's decision expressly considered two of the three challenged medical opinions. *See* Tr. 16, 19, 361 (summarizing Dr. Lewis' report and accounting for it by limiting Plaintiff to sedentary work with no crawling, kneeling, crouching, squatting, or lifting from floor level;) Tr. 16, 19, 383,

385-87 (summarizing Dr. Milner's report and accounting for it by limiting Plaintiff to simple repetitive, routing work that is as stress free as possible and that involves limited contact with general public and supervisors.) By expressly considering these two medical opinions, but not that of Dr. Adams who had not examined the Plaintiff, the ALJ demonstrated that he properly gave greater weight to the opinions of the sources who had examined the Plaintiff.

The ALJ found Plaintiff to be equally restricted as, if not more restricted than, Dr. Adams did. *Compare* Tr. 379 (Dr. Adam's opinion that Plaintiff was only moderately limited in her ability to understand, remember, and carry out detailed instructions and in her ability to interact with the general public, and not significantly limited in her ability to interact with supervisors), *with* Tr. 16 (ALJ's limiting Plaintiff to simple, repetitive, routing work that is as stress free as possible, that involves limited contact with the general public and with supervisors). Here, Plaintiff failed to show that any treating source issued work restrictions for her, or that any medical source opined that she was unable to work in some capacity on a sustained basis. Although the ALJ's decision could have been more specific in citing the record in support of its reliance on the medical opinions of the lower level medical consultants, no reversible error has been shown.

### D. Plaintiff's Obesity

Plaintiff also contends that the ALJ ignored substantial evidence of her obesity, which constitutes reversible error.

The ALJ did not mention "obesity" in his decision. But he discussed facts demonstrating his awareness of that condition, both in his decision, *see* Tr. 19 (noting that in January of 2009 Plaintiff was $62^{1/2}$ inches tall and weighed 240 pounds), and during the hearing, *see* Tr. 31, 65, 360-61 (asking about Plaintiff's weight at the hearing and discussing examination report that Plaintiff was "obese, with no peripheral neurapathy."). His non-use of this term is thus immaterial.

Significantly, Plaintiff did not allege any limitations from obesity either in her disability reports or at the administrative hearing, and does not allege any now. *See* Tr. 36-68, 309; Dk. 4, p. 12-13. Plaintiff points only to SSRs which explain that obesity *may* cause, contribute to, or complicate certain physical and mental problems. But none of Plaintiff's medical sources indicated that her obesity compounded her other impairments or warranted any work restrictions. *See* Tr. 360-61, 404, 420, 438, 560.

Nonetheless, the ALJ included in the hypothetical question to the VE that Plaintiff was limited to various functions "primarily because of her weight." Tr. 71. The record does not indicate that Plaintiff's obesity imposed any limitations not included in the RFC finding. *See Arles v. Astrue*, 438 F.App'x 735, 740 (10th Cir. Sept. 28, 2011). The ALJ cannot speculate about

the impact Plaintiff's obesity may or may not have had on her other impairments or on her ability to work. *See* SSR 02-01p (requiring that claims of obesity be evaluated based on information in the record); *Threet v. Barnhart*, 353 F.2d 1185, 1190 (10th Cir. 2003) (finding SSR 02-01p prohibits ALJs from speculating about the impact of obesity on other impairments). Accordingly, the ALJ's treatment of Plaintiff's obesity does not show that his decision lacks substantial evidence, as alleged.

**IV. VE's Testimony**

Finally, Plaintiff contends that the ALJ erred in relying on the testimony of a Vocational Examiner (VE) whose testimony contradicted the Dictionary of Occupational Titles (DOT).

Although the RFC and the hypothetical to the VE state that Plaintiff should have only "limited" contact with the public, the VE found that the Plaintiff could perform the job of order clerk. Plaintiff contends this job requires "significant" contact with people, per the DOT. In support of that conclusion, Plaintiff has attached an exhibit to her reply brief which highlights the following language from the DOT for the relevant job:

> People:  6 – Speaking – Signaling
>
> S – Significant
>
> ...
>
> P: Dealing with PEOPLE
>
> T: Attaining precise set limits, TOLERANCES, and standards

Dk. 10, Exh. 1, p. 1-2. Plaintiff contends this means "the job of order clerk requires one to have "significant" contact with people and notes as a tolerance that one must be able to deal with people." Dk. 10, p. 7.

Attaching new exhibits to a reply brief is a "troubling" practice. *See United States v. Soussi*, 316 F.3d 1095, 1108 n. 9 (10th Cir. 2002) (so stating), *cert. denied*, 538 U.S. 971, 123 S.Ct. 1772, 155 L.Ed.2d 531 (2003); *Kansas Waste Water, Inc. v. Alliant Techsystems, Inc.*, 2005 WL 327144, at *1 (D.Kan. 2005) (striking exhibits attached to reply brief). But the issue was raised earlier so is no surprise to Defendant.

But even if the Court considers the new exhibit, its meaning is not as clear as Plaintiff asserts. Its primary job description for order clerk states: "Takes food and beverage orders *over telephone or intercom system* and records order on ticket." (emphasis added). Nothing of record indicates that the job entails a face-to-face encounter with the public, or that one performing this job would have "significant" contact with persons ordering.

Further, Plaintiff has not shown that she questioned the VE about this alleged discrepancy at the hearing. As this Court has previously found:

> ... claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing. *Gibbons v. Barnhart,* 85 Fed. Appx. 88, 93 (10th Cir. Dec.18, 2003) (quoting with approval *Carey v. Apfel,* 230 F.3d 131, 146–147 (5th Cir. 2000); *see Schassar v. Astrue,* 2009 WL 3241597 at *5–6 (D.Kan. Oct. 5, 2009).

*Blanchard v. Astrue*, 2010 WL 2925180 (D.Kan. 2010). Accordingly, the Court is not persuaded that the ALJ erred in relying on the VE's testimony.

Plaintiff also alleges that she could not perform the job or order clerk because sedentary, unskilled work is not available to persons who need to alternate sitting and standing, as the ALJ found Plaintiff needs. Plaintiff relies on SSR83-12, which generally concludes that "[u]nskilled jobs are particularly structured so that a person cannot *ordinarily* sit or stand at will." (emphasis added.) But nothing in the DOT for the particular job of order clerk suggests that a person could not sit or stand at will while performing the required tasks. In fact, the VE testified that the job of order clerk allows for a sit/stand option. Tr. 73-75.

Plaintiff also contends that the ALJ also erred in not explaining "why he did not adopt Dr. Milner's opinion that Plaintiff was not capable of full-time work." Dk. 10, p. 3. But this stretches the record opinion too far. Dr. Milner testified that Plaintiff was "able to work, at least part time." Tr. 387. She explained that Plaintiff was "capable of working," but stress may affect Plaintiff's heart rate and social anxiety may affect her work performance. The ALJ accounted for this opinion by restricting Plaintiff to work involving only limited contact with the public which is as stress-free as possible.

Because the ALJ properly found that Plaintiff could perform the job of order clerk, the Court finds it unnecessary to address Plaintiff's assertion that she is unable to perform the two other jobs identified by the VE.

IT IS THEREFORE ORDERED that the decision of the Commissioner is affirmed and the court enters judgment in accordance with the fourth sentence of 42 U.S.C. § 405(g).

Dated this 28th day of August, 2013, at Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge